JAMES W. RAMSEY

*v.*

ELISHA BARNABEE.

EXEMPTION — *whether part of machine is exempt.* Where a mower, to which was attached what was called a "reaper attachment," was levied on, and the whole exceeded in value the exemption the debtor could claim, but the mower alone did not, and the proof showed the machine could readily be separated, and that the mower was a complete machine without the attachment, and one could be bought without the other, it was *held,* that the mower alone might be selected as exempt.

APPEAL from the Circuit Court of Ford county; the Hon. O. T. REEVES, Judge, presiding.

This was an action of trespass, by Elisha Barnabee against James W. Ramsey, to recover the penalty for the sale of exempt property under execution by the defendant, as constable. The defendant pleaded the general issue and a plea justifying the taking and sale of the property (a mower), as constable, under an execution against the plaintiff. The plaintiff replied,

to the last plea, that the property was exempt from levy on execution. A trial was had, resulting in a verdict and judgment against the defendant, for $300.

Messrs. BEACH & KINNEAR, for the appellant.

Messrs. SAMPLE & TORRENCE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was in trespass, to recover a penalty for levying upon and selling property exempted from levy and sale under the provisions of the statute. Among the property seized was a mower, and one point made against the verdict is, that the mower had what is called a "reaper attachment," and both combined exceeded in value the amount the debtor could claim under the statute as being exempt from sale. Only the mower is claimed as exempt, and that alone does not exceed in value the amount of property which the statute declares shall be exempt from levy and sale. It is proven the machines can readily be separated, that the mower is a complete machine without the reaper attachment, and that one may be bought without the other.

Whether the property claimed was suitable to the debtor's condition in life, was a question for the jury, and they having found that it was, no reason is perceived for disturbing the verdict.

The judgment will be affirmed.

*Judgment affirmed.*